By the Court.
On February 26, 1919, pursuant to a resolution theretofore passed by the Board of Education of the Madison Township Rural School District, Scioto county, an election was held whereat there was submitted to the electors of said *470 district the question of issuing and selling bonds for the following specified purposes, and in the amounts stated: to build a centralized grade and high school building $35,000; to purchase a site for such building $750; to purchase motor trucks and school wagons $4000. Such -proceedings were pursuant to the provisions of Section 7625, General Code, the board of education having found, and stated in its resolution, that the funds at its disposal, or that could be raised under the provisions of Sections 7629 and 7630, General Code, were not sufficient to accomplish its announced purpose. A majority of the electors voted in favor of the proposition submitted, and the'board o'f education proceeded to advertise the bonds for sale. Action was brought to restrain the same. The common pleas court granted the injunction and perpetually enjoined the issuance and sale of any and all of said bonds. The court of appeals, upon appeal, ordered that the injunction be modified, permitting the issuance and sale of the bonds excepting those for the purchase of motor trucks and wagons, and as to those the injunction was continued undisturbed. The plaintiff below prosecuted error to this court'.
The board of education had authority to submit to the electors the question of issuing bonds of the district only for some one or more of the purposes átated in Section 7625, General Code. By the provisions of that section authority is conferred to submit to the electors of the district the question of issuing bonds for an amount estimated to be necessary to purchase a site or to erect a schoolhouse or to complete one partially built or to enlarge, *471 repair or furnish a schoolhouse or purchase real estate for playground purposes or to do any or all of such things if the board finds that the funds at its disposal or that can be raised under the provisions of Sections 7629 and 7630, General Code, are not sufficient to accomplish the purpose and that a bond issue is necessary therefor. The history of Section 7625, General Code, shows that various stated purposes have been added from time to time, the last having been added in 1911, but the legislature has not seen fit to authorize the issuance of bonds for the purpose of purchasing motor trucks or wagons.'
While the requirement is made by various provisions of the law that boards of education shall provide adequate school privileges for the youth of school age, and in pursuance of that policy boards of education are required to provide means of transportation for pupils under certain circumstances, yet no authority has been expressly conferred to submit the question of issuance of bonds for such purpose under Section 7625, General Code, or other provision of the statute, and none can be implied.
In this instance but one proposition was submitted and it included with purposes for which the issuance of bonds is authorized a purpose for which there is no legal authority for the issuance of bonds, and with no opportunity afforded the electors to vote separately on the question of issuing bonds for the various purposes stated. While that would be unnecessary if all were expressly authorized by *472 law, the fact that all were here included in- one proposition, ánd the electors of the district were therefore required to and did vote for or against the proposal as an entirety, makes it impossible to ascertain whether the issuance of bonds for the purposes stated other than that for purchasing motor trucks and wagons has the approval of a majority of the electors of the district.
The court of common pleas was right therefore in granting the injunction. The judgment of the court of appeals is reversed, and judgment rendered for plaintiff in error, as prayed in the petition.

Judgment reversed, and judgment for plaintiff in error.

Nichols, C. J., Jones, Matthias, Johnson, Hougi-i, Wanamaker and Robinson, JJ., concur.